IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL HEMPEN,

        Plaintiff,

v.

CITY OF NASHVILLE, ILLINOIS,

        Defendant.

Case No. 3:22-CV-3133-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are Plaintiff Michael Hempen's Motion to Compel Defendant to Fully Disclose, Fully Answer Interrogatories, and Produce Documents in Request for Production (Doc. 24), as well as his Motion to Determine Sufficiency of Defendant's Response to Request for Admission. (Doc. 25). Defendant City of Nashville, Illinois ("Nashville"), filed a response on December 6, 2023 (Doc. 27), and Hempen filed a reply on December 13, 2023 (Doc. 28).

In his motion to compel, Hempen asserts that Nashville did not provide: (1) full contact information for those likely to have discoverable information in its Initial Disclosures; (2) proper responses to four of Hempen's First Interrogatories; and (3) responses to Hempen's First Request for Production, despite the entry of a protective order on October 10, 2023. In his motion regarding the sufficiency of Nashville's response to his Request for Admission, Hempen argues that Nashville's response was inadequate, and the Court should consider the fact to be admitted.

In response to Hempen's motion, Nashville states that on December 6, 2023, it served

Amended Initial Disclosures, a response to Hempen's First Request for Production, and an Amended Response to the Request for Admission. (Doc. 27). Nashville further indicates that it stands on its answers to Hempen's First Interrogatories.

In reply, Hempen states that the Amended Initial Disclosures remain deficient in that Nashville still has not provided addresses for the named individuals likely to have discoverable information and has only provided one phone number for all six people. Hempen also takes issue with the documents produced in response to Requests No. 14, 15, and 17.

## DISCUSSION

### A. Nashville's Initial Disclosures

Rule 26(a)(1)(A)(i) requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Thus, to the extent Nashville knows the addresses and telephone numbers of the eight individuals it listed in paragraph No. 1 of its Initial Disclosures, Defendant is **ORDERED** to produce such information.

### B. Hempen's First Interrogatories

<u>Interrogatory 2</u>: Hempen asked Nashville to provide information regarding all discipline of plaintiff, including the date, decisionmaker, and reason for the discipline. Nashville provided the date and reason for the discipline, but it did not provide the name of the decisionmaker or assert any objection to providing that information. Accordingly, Defendant is **ORDERED** to provide the name of the decisionmaker.

<u>Interrogatory 5</u>: Nashville was asked to state the reasoning of the person who discharged Hempen from employment. In response, Nashville referred Hempen to the

Termination Letter dated January 10, 2021. Hempen asserts this response is insufficient because Nashville "did not further identify the letter."

The Court is unaware of what has been produced in this case and what documents are in Hempen's possession. However, given that this is a Family and Medical Leave Act case in which Hempen was allegedly discharged due to misconduct, the Court presumes that Hempen possesses the January 10, 2021 Termination Letter. If there is actual confusion over which letter Nashville was referring to, or to the extent Hempen does not have access to the January 10, 2021 Termination Letter, the parties are **ORDERED** to meet and confer to resolve the issue.

Interrogatory No. 6: Hempen asked Nashville to "identify in a manner sufficient to form the basis of a Request for Production all documents on which the decisionmaker relied in deciding to discharge plaintiff." Nashville's response was: "James L. discussed the refusal to participate in SCBA Training with Herschel R., the Union Representative, and James L. did refer to the Collective Bargaining Agreement with the Bargaining Unit and the City of Nashville." Hempen claims this answer is nonresponsive, but the Court disagrees. The Collective Bargaining Agreement is the document that apparently was relied on in discharging Hempen. Thus, the response is sufficient.

Interrogatory No. 7: Hempen asked for information about other people who held his position, including their addresses and phone numbers. Nashville did not object but also did not provide the requested contact information. Hempen asserts that the individuals could be witnesses, so he should be able to contact them. To the extent Nashville possesses the individuals' contact information, it is **ORDERED** to supplement its response.

### C. Hempen's Request for Production

Nashville supplied materials responsive to Hempen's Request for Production on December 6, 2023. (Doc. 27). Hempen identified three disputes that remain with regard to Request Nos. 14, 15, and 17. There is no indication, however, that the parties have met and conferred regarding these responses. Accordingly, the parties are **ORDERED** to meet and confer in a good faith attempt to resolve the disputes. If any disagreements remain after the parties' discussions, Hempen may file another motion to compel.

### D. Hempen's Request for Admission

Nashville amended its response to Plaintiff's Request for Admission on December 6, 2023, and Hempen's reply does not reference any remaining issues with Nashville's response. Thus, the Court presumes Nashville's amended response was sufficient.

#### CONCLUSION

For these reasons, the Motion to Compel Defendant to Fully Disclose, Fully Answer Interrogatories, and Produce Documents in Request for Production filed by Plaintiff Michael Hempen (Doc. 24) is **GRANTED in part and DENIED in part**. Defendant City of Nashville, Illinois, shall provide supplemental responses as ordered above on or before **December 29, 2023**.

Hempen's Motion to Determine Sufficiency of Defendant's Response to Request for Admission (Doc. 25) is **DENIED as moot**.

IT IS SO ORDERED.

DATED: December 14, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**